IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER HARTMAN,

                    Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,

                    Defendant.

OPINION and ORDER

20-cv-207-jdp

---

Plaintiff Christopher Hartman seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration, finding him not disabled under the Social Security Act. He contends that administrative law judge (ALJ) Kathleen Kadlec erred by relying on inadequately supported testimony from a vocational expert regarding the number of available jobs that Hartman could perform. This court has rejected identical arguments by Hartman's counsel on multiple occasions, and it will do so again here. The commissioner's decision is affirmed, and the oral argument scheduled for February 9, 2021, is canceled.

ANALYSIS

Hartman filed his application for benefits on December 31, 2015, alleging that he was disabled as of November 14, 2013, by various neck and back problems. The ALJ held a hearing in December 2018, after which she determined that Hartman suffered from a single severe impairment, degenerative disc disease of the lumbar and cervical spine. R. 57.[1] She concluded

---

[1] Record cites are to the administrative transcript, located at Dkt. 10.

that Hartman had the residual functional capacity (RFC) to perform sedentary work, with additional restrictions that aren't at issue in this appeal. The ALJ found that Hartman wasn't disabled because he could work as a document preparer, order clerk, or charge account clerk, positions that she determined were sufficiently available in the national economy. R. 62–64.

This court must uphold the commissioner's decision to deny benefits "if it applies the correct legal standard and is supported by substantial evidence." *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). The "substantial evidence" standard is deferential, requiring only that the ALJ base her decision on relevant evidence that a reasonable person could find sufficient to support the decision. *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003).

Hartman raises only a single issue in his appeal, contending that the vocational expert didn't adequately support her testimony regarding the number of available jobs in the positions that she testified that Hartman could perform. The vocational expert testified that there were approximately 104,000 document preparer positions, 20,000 order clerk positions, and 17,000 charge account clerk positions available nationwide. R. 93–94. Hartman says that the expert's testimony didn't establish that her estimates were "the product of a reliable method," as required by *Chavez v. Berryhill*, 895 F.3d 962, 968 (7th Cir. 2018).

The vocational expert testified that her estimates were drawn from the *Occupational Employment Quarterly* (*OEQ*), which provides job numbers based on Bureau of Labor Statistics data. R. 97. At the hearing, Hartman's counsel objected that the expert hadn't shown that her methodology was reliable because the *OEQ* did not include a breakdown by job code in the *Dictionary of Occupational Titles*. But counsel didn't identify any problems with the specific

numbers of available position that the vocational expert cited. R. 98–99. Hartman repeats the same generic argument in this appeal.[2]

This court has rejected identical arguments from Hartman's counsel on at least three prior occasions. *See Luzar v. Saul*, No. 19-cv-1018-jdp, 2020 WL 5249225, at *3–4 (W.D. Wis. Sept. 3, 2020); *Coyier v. Saul*, No. 19-cv-393-bbc (W.D. Wis. Apr. 2, 2020); *Arms v. Berryhill*, No. 18-cv-476-jdp, 2019 WL 1352809, at *6 (W.D. Wis. Mar. 26, 2019). All of these cases were decided before counsel filed his opening brief, but he failed to acknowledge any of them until the commissioner cited them in his response brief. In a footnote in his reply brief, counsel attempts to distinguish *Arms* by contending that the case "rest[ed] more on whether the [vocational expert] adequately addressed the accuracy of the numbers more than per se ability to rely on the *OEQ*." Dkt. 23, at 12 n.4 This description of *Arms* is inaccurate, as the court observed in that case that the *OEQ* is a valid source for job-number data. *See Arms*, 2019 WL 1352809, at *6 (citing *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009)). Regarding *Luzar*, he says in the same footnote only that the case is being appealed and "may resolve multiple problems with vocational testimony." Dkt. 23, at 12 n.4. He offers no argument for why he believes that the case was wrongly decided. So, as in *Luzar*, the court will follow its previous decisions and conclude that the vocational expert's testimony regarding job estimates was adequately supported.

---

[2] Although Hartman's counsel identified no specific problems with the expert's job numbers at the hearing, he now contends that the expert erred by *understating* the *OEQ*'s estimated number of charge account clerk positions available by 50 percent. Even if true, such an error would be harmless, as testimony that *more* positions were available wouldn't have led the ALJ to a different conclusion.

This is not the first time that Hartman's counsel has failed to acknowledge prior decisions from this court that have rejected his position. In *Luzar*, this court reminded counsel of his duty under Wisconsin Supreme Court Rule 20:3.3 to disclose legal authority that is "directly adverse" to his position. 2020 WL 5249225, at *5. The court warned counsel that if he ignored directly adverse precedent again, the court would consider sanctions. *Id.* Less than one month later, he filed his opening brief in this case, raising the same argument that the court rejected in *Luzar* and failing to disclose the same adverse precedent. Accordingly, he is directed to show cause why he should not be required to pay the costs, expenses, and fees incurred by the commissioner in opposing this action.

ORDER

IT IS ORDERED that:

1. The decision of the commissioner is AFFIRMED, and the February 9, 2021 oral argument is CANCELED. The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

2. Plaintiff Christopher Hartman's counsel is ordered to show cause by January 25, 2021, why he should not be required to pay the costs, expenses, and fees incurred by the commissioner in opposing this action. The commissioner has 10 days to file a response.

Entered January 12, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge