IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER HARTMAN,

               Plaintiff,

v.                                          OPINION and ORDER

ANDREW SAUL,                                20-cv-207-jdp
Commissioner of Social Security,

               Defendant.

---

Dana Duncan, counsel for plaintiff Christopher Hartman, has responded to the court's order to show cause why he should not be sanctioned for failing to comply with the court's instructions.

This case is a Social Security appeal in which Hartman raised one issue. He contended that the vocational expert who testified at his administrative hearing hadn't adequately supported her testimony regarding the number of available jobs in the positions that she said Hartman could perform. In affirming the commissioner's decision, the court noted that it had rejected identical arguments from Duncan in at least three prior opinions. Dkt. 25, at 3. As in the other cases, Duncan failed to acknowledge the adverse precedent until after the commissioner cited it.

In *Luzar v. Saul*, this court directed Duncan to acknowledge in his briefs when the court had already decided an issue against him. No. 19-cv-1018-jdp, 2020 WL 5249225, at *5 (W.D. Wis. Sept. 3, 2020). Specifically, the court instructed:

> The court expects counsel to acknowledge when the court has already decided an issue against him. Of course, he is free to contend that the previous decision was wrongly decided, but he must address precedent head on rather than simply ignore it. If he fails to do so, the court will consider an appropriate sanction.

*Id*. Because Duncan didn't follow the *Luzar* instruction in this case, the court directed him to show cause why he should not be required to pay the commissioner's costs, expenses, and fees incurred in opposing this action.

Duncan makes five points in his response. Dkt. 27. First, he notes that the court cited Wisconsin Supreme Court Rule 20:3.3 in its order, which requires attorneys to disclose legal authority that is "directly adverse" to their position. He says that because prior decisions of this court are not binding precedent, he didn't believe that he was required to disclose them. This is not a good reason to ignore the court's express instructions. By its terms, the rule isn't limited to binding precedent. The rule requires disclosure of "legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client." That includes this court's prior non-binding decisions that are directly adverse to Duncan's positions. And even if Rule 20:3.3 didn't apply, the court has inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The court ordered Duncan to disclose this court's adverse decisions so that it could manage Duncan's cases efficiently and consistently, without Duncan trying to sneak one by a busy court.

Duncan's next three points fit together, suggesting essentially that Duncan is merely trying to get things right. So, Duncan's second point is that he believed that binding precedent requires job-number estimates created under the equal distribution method to be considered "on a case-by-case basis" based on "the specific facts of the vocational testimony." Dkt. 27, at 3. Third, he says that a prior decision of this court, *Courtney v. Berryhill*, 385 F. Supp. 3d 761 (W.D. Wis. 2018), supports this position. And fourth, he says that he believed that his

2

argument had merit and that he was concerned that if he didn't raise the argument, he would have waived it. Duncan has missed the point of the court's order. This court's decisions are not binding on anyone other than the parties, so Duncan is free to take a position contrary to those decisions. The court simply expects him to acknowledge when he is doing so. All he has to do to preserve the issue for appeal is to say that he knows the court has ruled the other way on the issue but he wants to preserve the issue for appeal. Taking this approach will save the court and Duncan significant effort.

Fifth, Duncan acknowledges that he hasn't clearly explained the basis for his position that the job-number estimates weren't adequately supported. He says that he "will no longer simply repeat himself but rather work to clarify his point." Dkt. 27, at 7. He is encouraged to do so; maybe he'll get the court to come around. But he must acknowledge the court's prior adverse decisions.

The court will give Duncan the benefit of the doubt and assume that he did not realize that he was violating the court's directive in *Luzar* to disclose prior adverse decisions from this court. But he now knows precisely what is expected from him, and he will be sanctioned if it happens again.

Duncan must review the briefs he has filed in any open cases in this court. If, in any of those briefs, he has failed to comply with the court's direction in *Luzar,* he must file a supplemental brief that acknowledges the court's prior decisions, and either states that he is simply preserving the issue for appeal or explains why the court should reconsider the issue.

He has 30 days to certify that he has completed this review and complied with this order and to submit a list of his open cases in which he has filed a supplemental brief.

Entered April 15, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge